IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–03233–WJM–KMT

MARK HAMILTON,

    Plaintiff,

v.

CYRIL GROSSAINT,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court *sua sponte* on review of Plaintiff's Complaint (Doc. No. 1), this court's Order to Show Cause (Doc. No. 5), and Plaintiff's response to the Order to Show Cause (Doc. No. 10).

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of

jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

In his Complaint, Plaintiff alleges that this Court may exercise diversity jurisdiction over this case pursuant to "treaty law." (*Id.* at 2.) Plaintiff's Complaint fails to establish any supportable basis for federal question jurisdiction under 28 U.S.C. § 1331. While the Complaint makes a conclusory allegation that Plaintiff's claim or claims arise under "Treaty Law," the Complaint does not sufficiently clarify the specific provision of federal law allegedly violated by the defendant. Plaintiff's *pro se* status, of itself, does not entitle Plaintiff to maintain an action with bare, conclusory allegations of jurisdiction below the minimal threshold of notice pleading. *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Moreover, to the extent Plaintiff's basis for federal jurisdiction is that his land was obtained via a federal land patent, the United States Supreme Court has held that a federal land patent does not confer federal jurisdiction over any disputes regarding the subject land. *See Oneida Indian Nation v. County of Oneida*, 414 U.S.

661, 676 (1974). The Tenth Circuit also has cited to then-Justice Rehnquist's separately concurring opinion in *Oneida Indian Nation*, which emphasized that " 'the grant of a land patent to a private party carries with it no guarantee of continuing federal interest and certainly carries with it no indefinitely redeemable passport into federal court.' " *Corrigan v. Leclair*, No. 06–8046, 2006 WL 3378454, at *2 (10th Cir. Nov. 22, 2006) (quoting *Oneida Indian Nation*, 414 U.S. at 683 (Rehnquist, J., concurring)).

On December 21, 2012, this court issued an Order for Plaintiff to show cause, on or before January 7, 2013, why this case should not be dismissed due to this Court's lack of subject matter jurisdiction. (Doc. No. 5.) On January 4, 2013, Plaintiff filed a handwritten document in which he continues to assert that this Court has jurisdiction under the "Federal Land Patent" and "Treaty Clause." (Doc. No. 1 at 1.) However, the document filed by Plaintiff is not responsive to the Order to Show Cause, and Plaintiff again has failed to sufficiently clarify the specific provision of federal law allegedly violated by the defendant. Therefore, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Plaintiff's Complaint and this case be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 10th day of January, 2013.

BY THE COURT:

*Kathleen M. Tafoya*
Kathleen M. Tafoya
United States Magistrate Judge